United States District Court
Southern District of Texas
**ENTERED**
December 16, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VIRIDIANA FLORES TREJO, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-25-5729 |
| | § | |
| KRISTI NOEM, Secretary of the | § | |
| Department of Homeland Security, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Viridiana Flores Trejo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). For the reasons set forth below, the court grants in part Flores Trejo's petition and orders the respondents to conduct a bond hearing within fourteen days of this order or release her.

## I. Background

Flores Trejo is allegedly a citizen of Mexico who entered the United States without inspection. (Docket Entry No. 1) (¶ 34); (Docket Entry No. 1-1). She was taken into ICE custody at an unspecified date. (Docket Entry No. 1) (¶ 35). ICE agents served her with a Notice to Appear, charging her as removable under the Immigration and Nationality Act. (Docket Entry No. 1-1). On September 22, 2025, she applied for bond, but the immigration judge (IJ) denied her bond for lack of jurisdiction. (Docket Entry No. 1-2). On November 27, 2025, she filed a petition for habeas corpus, requesting that the court order respondents to release her or, alternatively, to

provide her with a bond hearing pursuant to 8 U.S.C. § 1226.  (Docket Entry No. 1).   On December 3, 2025, the federal respondents filed their response and motion to dismiss, and, in the alternative, for summary judgment, asserting that (1) Flores Trejo failed to exhaust her administrative remedies, and (2) she is subject to mandatory detention under the "plain language" of 8 U.S.C. § 1225.  (Docket Entry No. 6).

## II.    Analysis

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief."  *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months.  *See Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226.  *Id.*   While § 1226 allows an IJ to provide a petitioner with procedural protections such as a bond re-determination hearing, § 1225 does not.  *Id.*   In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the county and began applying § 1225 to these individuals.  *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)).   The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal proceedings

2

are complete, whenever that may be.  In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been rejected by the great majority of courts considering the issue, including this court.  *See id.* at *3 (collecting cases); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.  Although the respondents acknowledge that this court has previously rejected its proposed interpretation of § 1225(b)(2), they nonetheless assert that the statutory language is "straightforward" in requiring that Flores Trejo be mandatorily detained under § 1225.  (Docket Entry No. 6 at 7).  The respondents urge this court to reconsider its prior rulings and adopt the reasoning of *Cabanas v. Bondi*, which held for the respondents.  No. 4:25-cv-04830, 2025 WL 3171331, at *7 (S.D. Tex. Nov. 13, 2025).  The court respectfully disagrees with *Cabanas.*  "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)."  *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025).

The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Flores Trejo and granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Flores Trejo's position.  *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).  Because there is a certified class but no class

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

judgment, the district court's rulings do not yet have preclusive effect in this litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). A class has been certified, Flores Trejo is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

Even if this court agreed with the respondents' position on a de novo review of the merits, that is "[in]sufficient" to overcome the "deference" that this court owes the class-action ruling in this procedural posture. *Abecassis*, 7 F. Supp. 3d at 671 (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010)). Even if issue preclusion does not formally apply, "federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. This court owes comity to the class-actions court's rulings on the common issues. Ruling in the respondents' favor in this case will likely result in a motion for reconsideration on Flores Trejo's part as soon as a final judgment is entered the Central District of California's docket. And in the meantime, Flores Trejo will remain in detention, without a bond hearing, despite the ruling in her case that she is entitled to such a hearing.

The respondents are ordered to provide Flores Trejo with a bond hearing within fourteen days of this order or release her.[2] Because the court provides Flores Trejo with the relief she seeks

---

[2] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.

based on § 1226(a), the court need not reach her additional challenges to his detention as violations of the Fifth Amendment and of bond regulations. *See Hernandez Lopez v. Hardin, et al.*, No. 2:25-cv-830, 2025 WL 3022245, at \*5 (M.D. Fla. Oct. 29, 2025) (citing *Pizarro Reyes*, 2025 WL 2609425, at \*8). If the respondents do not provide Flores Trejo with a bond hearing within fourteen days as ordered, she may renew her other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at \*4 n.4.

III.   **Conclusion**

For the reasons stated above, the court grants Flores Trejo's petition for a writ of habeas corpus in part. (Docket Entry No. 1). The court denies the respondents' motion to dismiss and, alternatively, for summary judgment. (Docket Entry No. 6). The respondents must provide Flores Trejo with a bond hearing under § 1226(a) by December 26, 2025, or release her. The parties are to update the court on the status of her bond hearing no later than December 30, 2025.

SIGNED on December 12, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge